1 | PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
2 | CATHERINE M. CABALO (SBN 248198)
LAW OFFICES OF PAUL L. REIN
3 | 200 Lakeside Drive, Suite A
Oakland, CA 94612
4 | Telephone: 510/832-5001
Facsimile: 510/832-4787
5
Attorneys for Plaintiff
6 | JEAN RIKER

FILED
DEC 30 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7

8 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10 | JEAN RIKER,

CASE NO. **C10-05973**
Civil Rights

11 |     Plaintiff,

12 | v.

13

14

15 | STARWOOD HOTELS &
RESORTS WORLDWIDE, INC.
dba ST. REGIS HOTEL SAN
16 | FRANCISCO; SF MUSEUM
TOWER, LLC; AND DOES 1-10,
17 | INCLUSIVE,

18 |     Defendants.

**COMPLAINT FOR PRELIMINARY
AND PERMANENT INJUNCTIVE
RELIEF AND DAMAGES: DENIAL OF
CIVIL RIGHTS AND ACCESS TO
PUBLIC FACILITIES TO
PHYSICALLY DISABLED PERSONS,
PER FEDERAL AND CALIFORNIA
STATUTES (INCLUDING CIVIL
CODE §§ 51, 52, 54, 54.1, 54.3, AND
§ 55; and HEALTH & SAFETY CODE
§§ 19953, _et seq._); INJUNCTIVE
RELIEF PER TITLE III, AMERICANS
WITH DISABILITIES ACT OF 1990**

19 | _____/

**DEMAND FOR JURY TRIAL**

20 |     Plaintiff JEAN RIKER complains of defendants STARWOOD

21 | HOTELS & RESORTS WORLDWIDE, INC. dba ST. REGIS HOTEL SAN

22 | FRANCISCO; SF MUSEUM TOWER, LLC; and DOES 1-10, Inclusive, and

23 | each of them, and alleges as follows:

24 |     1. **INTRODUCTION:** This case involves the denial of accessible

25 | public facilities, including guest rooms, access to the swimming pool and hot tub

26 | spa, cocktail lounge, and related facilities, to plaintiff Jean Riker and other

27 | disabled persons at the St. Regis Hotel, 125 Third St., San Francisco, California.

28 | Plaintiff Jean Riker is a "person with a disability" or "physically handicapped

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -1-      S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1  person." Plaintiff requires the use of a motorized wheelchair for mobility and is
2  unable to use portions of public facilities which are not accessible to disabled
3  persons, including those who require the use of a wheelchair. Plaintiff was
4  denied her rights to full and equal access at these facilities, and was denied her
5  civil rights under both California law and federal law, because these facilities
6  were not, and are not now, properly accessible to physically disabled persons,
7  including those who use wheelchairs. Plaintiff seeks injunctive relief to require
8  defendants to make these facilities accessible to disabled persons and to ensure
9  that any disabled person who attempts to use the St. Regis Hotel San Francisco
10 (hereinafter sometimes "Hotel"), either as a hotel guest, dining patron, event
11 participant or other patron, will be provided accessible facilities. Plaintiff also
12 seeks recovery of damages for her discriminatory experiences and denial of
13 access and of civil rights, which denial is continuing as a result of defendants'
14 failure to provide disabled accessible facilities. Plaintiff also seeks recovery of
15 reasonable statutory attorney fees, litigation expenses and costs, under federal and
16 state law.

17     2.     **JURISDICTION:** This Court has jurisdiction of this action
18 pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
19 of 1990, 42 USC §§ 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and
20 related causes of action arising from the same facts are also brought under
21 California law, including but not limited to violations of California Government
22 Code § 4450 *et seq.*; Health & Safety Code §§ 19953-19959; California Civil
23 Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of
24 Regulations.

25     3.     **VENUE:** Venue is proper in this court pursuant to 28 USC
26 § 1391(b) and is founded on the fact that the real property which is the subject of
27 this action is located in this district and that plaintiff's causes of action arose in
28 this district.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -2-        S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1    4.    **INTRADISTRICT:** This case should be assigned to the San
2    Francisco/Oakland intradistrict as the real property which is the subject of this
3    action is located in this intradistrict and plaintiff's causes of action arose in this
4    intradistrict.

5    5.    **PARTIES:** Plaintiff is a qualified physically disabled person who
6    cannot walk due to hemiplegia, and who requires use of a motorized wheelchair
7    for locomotion. Defendants STARWOOD HOTELS & RESORTS
8    WORLDWIDE, INC. dba ST. REGIS HOTEL SAN FRANCISCO; SF MUSEUM
9    TOWER, LLC; and DOES 1-10, Inclusive, are the owners, operators, lessors, and
10   lessees of the business, property, buildings and/or portions thereof located at 125
11   Third St., San Francisco, California, and known as the St. Regis Hotel. This
12   Hotel is a "public accommodation and business establishment" subject to the
13   requirements of multiple categories of § 301(7) of the Americans with Disabilities
14   Act of 1990, of California Health & Safety Code §§ 19953 *et seq.*, and of
15   California Civil Code §§ 51 and 54 *et seq*. On information and belief, this Hotel
16   and its facilities have, since July 1, 1970, undergone construction and/or
17   "alterations, structural repairs, or additions," subjecting each such facility to
18   disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq*.,
19   and, as to alterations since January 26, 1993, to § 303 of the Americans with
20   Disabilities Act of 1990. Further, irrespective of the alteration history, such
21   premises are subject to the "readily achievable" barrier removal requirements of
22   Title III of the Americans With Disabilities Act of 1990.

23   6.    The true names and capacities of Defendants Does 1 through 10,
24   Inclusive, are unknown to plaintiff who therefore sues said defendants by such
25   fictitious names. Plaintiff is informed and believes that each of the defendants
26   herein designated as a Doe is legally responsible in some manner for the events
27   and happenings herein referred to and caused injury and damages proximately
28   thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

1   show such true names and capacities when the same have been ascertained.

2       7.      Defendants STARWOOD HOTELS & RESORTS WORLDWIDE,

3   INC. dba ST. REGIS HOTEL SAN FRANCISCO; SF MUSEUM TOWER, LLC;

4   and DOES 1-10, Inclusive, are and were the owners, operators, lessors and

5   lessees of the subject business, property and/or building at all times relevant to

6   this Complaint. Plaintiff is informed and believes that each of the defendants

7   herein is the agent, employee or representative of each of the other defendants,

8   and performed all acts and omissions stated herein within the scope of such

9   agency or employment or representative capacity and is responsible in some

10  manner for the acts and omissions of the other defendants in proximately causing

11  the damages complained of herein.

12

13  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
14  **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
    **IN A PUBLIC ACCOMMODATION**
    **(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**
15

16      8.      Plaintiff repleads and incorporates by reference, as if fully set forth

17  again herein, the factual allegations contained in Paragraphs 1 through 7, above,

18  and incorporates them herein by reference as if separately repled hereafter.

19      9.      Plaintiff Jean Riker and other similarly situated physically disabled

20  persons, including those who require the use of a wheelchair, are unable to use

21  public facilities on a "full and equal" basis unless each such facility is in

22  compliance with the provisions of California Health & Safety Code §§ 19955 *et*

23  *seq.* Plaintiff is a member of that portion of the public whose rights are protected

24  by the provisions of Health & Safety Code §§ 19955 *et seq.*

25      10.     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o

26  ensure that public accommodations or facilities constructed in this state with

27  private funds adhere to the provisions of Chapter 7 (commencing with Section

28  4450) of Division 5 of Title 1 of the Government Code." On information and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES            -4-            S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1    belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,

2    apply to the St. Regis Hotel, 125 Third St., San Francisco, California. The code

3    relating to such public accommodations also requires that "When sanitary

4    facilities are made available for the public, clients, or employees... they shall be

5    made available for persons with disabilities." Title 24, California Code of

6    Regulations, formerly known as the California Administrative Code, was in effect

7    at the time of each alteration which, on information and belief, occurred at such

8    public facility since January 1, 1982, thus requiring access complying with the

9    specifications of Title 24 whenever each such "alteration, structural repair or

10    addition" was carried out. On information and belief, defendants and/or their

11    predecessors in interest carried out alterations, structural repairs, or additions to

12    such buildings and facilities during the period Title 24 has been in effect.

13    Further, on information and belief, plaintiff alleges that alterations, structural

14    repairs, and/or additions which triggered access requirements at all relevant

15    portions of the Hotel, also occurred between July 1, 1970 and January 1, 1982,

16    and required access pursuant to the A.S.A. (American Standards Association)

17    Regulations then in effect, pursuant to the incorporated provisions of California

18    Government Code §§ 4450 *et seq.*

19    11. **FACTUAL STATEMENT:** On or about July 29, 2009, plaintiff

20    Jean Riker was driven in her disabled licensed vehicle by her companion to the St.

21    Regis Hotel, 125 Third St., San Francisco, California, intending to stay as a hotel

22    guest, to purchase food and beverages there, and to avail herself of other Hotel

23    amenities. Several weeks in advance of her visit plaintiff had reserved a disabled

24    "accessible" guest room at the Hotel for the nights of July 29th through 31, 2009.

25    When plaintiff called the Hotel she had also requested, and had been assured by

26    defendants' representatives, that the disabled "accessible" guest room she had

27    reserved would include a properly accessible "roll-in" shower, and would

28    otherwise be properly "accessible" to wheelchair users.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS CMP.wpd

1    12.    When plaintiff left her vehicle and entered the Hotel to register, she
2  could not open the Hotel's entry door without assistance due to the door's
3  excessive weight. Plaintiff then discovered that the Hotel's registration counter
4  was too high and did not provide the required lowered section for disabled
5  wheelchair users. After plaintiff checked into the Hotel on July 29, 2009, she
6  found that her guest room, Suite No. 1401, was not properly disabled accessible
7  in a number of respects, including but not limited to the following: the entry door
8  to her guest room was excessively heavy and required grasping the room key for
9  entry; the entry door security "peephole" was too high; the bedroom did not have
10  proper space for a wheelchair's path of travel throughout the room, and the beds
11  were too close together; the bathroom was not properly configured for disabled
12  access, including the lack of proper wheelchair turning space, toilet location, and
13  the lack of space and proper configuration to travel to and use the toilet, blocking
14  a safe "side transfer" from a wheelchair, excessively high grab bars, and the "roll
15  in" shower and its controls were improperly configured and located excessively
16  high. Other access deficiencies included excessively high closet clothing bars,
17  light switches, thermostat and drapery controls, entertainment feature controls
18  including those for the CD player, and other guest room amenities which were not
19  properly located or configured for use by a disabled wheelchair user, all as
20  required to be "accessible" under state and federal law. On information and
21  belief, the Hotel also lacked the legally required number of "accessible" guest
22  rooms.

23    13.    Plaintiff, who enjoys using a swimming pool and hot tub "spa,"
24  discovered that the entry door to the swimming pool was excessively heavy and
25  required grasping a key card for entry; the swimming pool was not equipped with
26  a "pool lift" necessary for disabled persons' use in entering or exiting a pool or
27  spa. On information and belief, there was also no lift for disabled use of the spa.

28    14.    Other Hotel features were not disabled accessible, including but not

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-    S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1  limited to exterior paths of travel and interior paths of travel, including paths of
2  travel within the cocktail lounge to nearly all the tables, and no disabled seating in
3  the cocktail lounge. On information and belief, portions of the Hotel's restaurant
4  were also not properly accessible.

5      15.    On information and belief, these public facilities are also inaccessible
6  to persons with disabilities in multiple other aspects, including but not limited to
7  the following: insufficient number of accessible and van-accessible parking
8  spaces; excessively high lobby "check-in" counter; improper entrance doorways
9  and doors; inaccessible cash register station, bar height, and path of travel
10 between tables in the Hotel's cocktail lounge; lack of fully accessible public
11 restrooms.

12     16.    All barriers to accesslisted hereinabove are without prejudice to
13 plaintiff citing additional barriers to access after a formal inspection by plaintiff's
14 access consultant, per the 9th Circuit's standing standards under Doran v. 7-
15 Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008). All of these barriers to access render
16 the premises inaccessible to and unuseable by physically disabled persons. All
17 facilities must be brought into compliance with all applicable federal and state
18 code requirements, according to proof.

19     17.    Further, each and every violation of the Americans With Disabilities
20 Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are
21 repled and incorporated herein, word for word, as if separately repled), also
22 constitutes a separate and distinct violation of  California Civil Code § 54(c), thus
23 independently justifying an award of damages and injunctive relief pursuant to
24 California law, including but not limited to Civil Code §§ 54.3 and 55.

25     18.    Further, each and every violation of the Americans With Disabilities
26 Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are
27 repled and incorporated herein, word for word, as if separately repled), also
28 constitutes a separate and distinct violation of California Civil Code § 54.1(d),

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -7-          S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1 thus independently justifying an award of damages and injunctive relief pursuant

2 to California law, including but not limited to Civil Code §§ 54.3 and 55.

3 19. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit
4 the acts and omissions of defendants as complained of herein which are
5 continuing on a day-to-day basis and which have the effect of wrongfully
6 excluding plaintiff and other members of the public who are physically disabled,
7 including but not limited to wheelchair users, from full and equal access to these
8 public facilities. Such acts and omissions are the cause of humiliation and mental
9 and emotional suffering of plaintiff in that these actions continue to treat plaintiff
10 as an inferior and second class citizen and serve to discriminate against her on the
11 sole basis that she is a person with disabilities who requires the use of a
12 wheelchair for movement in public places. Plaintiff is deterred from returning to
13 use these facilities and is unable, so long as such acts and omissions of defendants
14 continue, to achieve equal access to and use of these public facilities, and cannot
15 return to use the Hotel and its facilities until these facilities are made properly
16 accessible for disabled persons. Plaintiff alleges that she intends to do so, once
17 legally required access has been provided. The acts of defendants have
18 proximately caused and will continue to cause irreparable injury to plaintiff if not
19 enjoined by this Court. Plaintiff seeks injunctive relief as to all areas of the
20 premises that she has personally encountered. Further, as to all areas identified
21 before or during this litigation by plaintiff's access consultant, that she or other
22 physically disabled persons may encounter in the future (under the 9th Circuit's
23 holding in Doran v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008)) plaintiff prays
24 leave to amend this complaint to obtain injunctive relief. As to those of the
25 defendants that currently own, operate, and/or lease (from or to) the subject Hotel,
26 plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate
27 the discriminatory practices and barriers that deny full and equal access for
28 disabled persons, and for reasonable statutory attorney fees, litigation expenses

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -8-     S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS CMP.wpd

1  and costs.

2       20.    Wherefore plaintiff asks this Court to preliminarily and permanently
3  enjoin any continuing failure by defendants to grant full and equal access to
4  plaintiff in the respects complained of and to require defendants to comply
5  forthwith with the applicable statutory requirements relating to access for disabled
6  persons. Such injunctive relief is provided by California Health & Safety Code
7  § 19953 and California Civil Code § 55, and other law. Plaintiff further requests
8  that the Court award damages pursuant to Civil Code § 54.3 and other law and
9  attorney fees, litigation expenses, and costs pursuant to Health & Safety Code
10  § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other
11  law, all as hereinafter prayed for.

12       21.    **DAMAGES:** As a result of the denial of equal access to the facility
13  and due to the acts and omissions of defendants and each of them in owning,
14  operating, leasing, constructing, altering, and maintaining the subject facility,
15  plaintiff suffered a violation of her civil rights, including but not limited to rights
16  under Civil Code §§ 54 and 54.1, and suffered physical, mental and emotional
17  personal injuries, all to her damages per Civil Code § 54.3, including statutory
18  treble damages, as hereinafter stated. Defendants' actions and omissions to act
19  constitute discrimination against plaintiff on the sole basis that she was and is
20  physically disabled and unable, because of the architectural and other barriers
21  created and/or maintained by the defendants in violation of the subject laws, to
22  use the public facilities on a full and equal basis as other persons. As a result,
23  plaintiff suffered difficulty, discomfort, humiliation and personal injuries.

24       22.    **FEES AND COSTS:** As a result of defendants' acts, omissions, and
25  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
26  costs as provided by statute, in order to enforce plaintiff's rights and to enforce
27  provisions of the law protecting access for disabled persons and prohibiting
28  discrimination against disabled persons. Plaintiff therefore seeks recovery of all

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -9-          S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1 reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

2 of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953.

3 Additionally, plaintiff's lawsuit is intended to require that defendants make their

4 facilities accessible to all disabled members of the public, justifying "public

5 interest" attorney fees, litigation expenses and costs pursuant to the provisions of

6 California Code of Civil Procedure § 1021.5 and other applicable law.

7 WHEREFORE, plaintiff prays for damages and injunctive relief as

8 hereinafter stated.

9

10 **SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,**
11 **CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**
**DISABILITIES ACT AS INCORPORATED**
12 **BY CIVIL CODE SECTION 51(f)**

13 23. Plaintiff repleads and incorporates by reference, as if fully set forth

14 hereafter, the factual allegations contained in Paragraphs 1 through 22 of this

15 Complaint and incorporates them herein.

16 24. At all times relevant to this complaint, California Civil Code § 51

17 has provided that physically disabled persons are free and equal citizens of the

18 state, regardless of medical condition or disability:

19 All persons within the jurisdiction of this state are free and equal,
and no matter what their sex, race, color, religion, ancestry, national
20 origin, disability, or medical condition are entitled to the full and
equal accommodations, advantages, facilities, privileges, or services
21 in all business establishments of every kind whatsoever.
Cal. Civ. C. § 51(b).

22

23 25. California Civil Code § 52 provides that the discrimination by

24 defendants against plaintiff on the basis of her disability constitutes a violation of

25 the general anti-discrimination provision of §§ 51 and 52.

26 26. Defendants' discrimination constitutes a separate and distinct

27 violation of California Civil Code § 52, which provides that:

28 Whoever denies, aids or incites a denial, or makes any discrimination

1    or distinction contrary to section 51, 51.5, or 51.6 is liable for each
      and every offense for the actual damages, and any amount that may
2    be determined by a jury, or a court sitting without a jury, up to a
      maximum of three times the amount of actual damage but in no case
3    less than four thousand dollars ($4,000), and any attorney's fees that
      may be determined by the court in addition thereto, suffered by any
4    person denied the rights provided in Section 51, 51.5, or 51.6.

5    27.    Any violation of the Americans With Disabilities Act of 1990 (as

6    pled in the Third Cause of Action) constitutes a violation of California Civil Code

7    § 51(f) thus independently justifying an award of damages and injunctive relief

8    pursuant to California law. Per § 51(f), "A violation of the right of any individual

9    under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

10   also constitute a violation of this section."

11            28.    The actions and omissions of defendants as herein alleged

12   constitute a denial of access to and use of the described public facilities by

13   physically disabled persons within the meaning of California Civil Code §§ 51

14   and 52. As a proximate result of defendants' action and omissions, defendants

15   have discriminated against plaintiff in violation of Civil Code §§ 51 and 52.

16            29.    **FEES AND COSTS:** As a result of defendants' acts,

17   omissions and conduct, plaintiff has been required to incur attorney fees,

18   litigation expenses and costs as provided by statute in order to enforce plaintiff's

19   rights and to enforce provisions of the law protecting access for disabled persons

20   and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

21   recovery of all reasonable attorney fees, litigation expenses and costs pursuant to

22   the provisions of California Civil Code §§ 51 and 52. Additionally, plaintiff's

23   lawsuit is intended to require that defendants make their facilities and policies

24   accessible to all disabled members of the public, justifying "public interest"

25   attorney fees, litigation expenses and costs pursuant to the provisions of

26   California Code of Civil Procedure § 1021.5 and other applicable law.

27            Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

28   //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -11-          S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1
2

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC § 12101 *et seq.***

3   30.   Plaintiff repleads and incorporates by reference, as if fully set forth

4   again herein, the allegations contained in Paragraphs 1 through __ of this

5   Complaint, and incorporates them herein as if separately repled.

6   31.   In 1990 the United States Congress made findings that laws were

7   needed to more fully protect "some 43,000,000 Americans [with] one or more

8   physical or mental disabilities;" that "historically, society has tended to isolate

9   and segregate individuals with disabilities;" that "such forms of discrimination

10   against individuals with disabilities continue to be a serious and pervasive social

11   problem;" that "the Nation's proper goals regarding individuals with disabilities

12   are to assure equality of opportunity, full participation, independent living, and

13   economic self-sufficiency for such individuals;" and that "the continuing

14   existence of unfair and unnecessary discrimination and prejudice denies people

15   with disabilities the opportunity to compete on an equal basis and to pursue those

16   opportunities for which our free society is justifiably famous..." [42 USC §12101]

17   32.   In passing the Americans with Disabilities Act of 1990 (hereinafter

18   "ADA"), Congress stated as its purpose:

19   It is the purpose of this Act

20   (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

21
22   (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

23   (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with

24   disabilities; and

25   (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to

26   address the major areas of discrimination faced day-to-day by people with disabilities. (Emphasis added)

27   42 USC § 12101(b).

28

1    33.    As part of the ADA, Congress passed "Title III - Public

2    Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et*

3    *seq.*). The subject hotel and its facilities include multiple "public

4    accommodations" for purposes of this title, including but not limited to "an hotel,

5    motel or other place of lodging," § 301(7)(A); "a restaurant, bar, or other sales or

6    rental establishment serving food or drink," § 301(7)(B); a "place of exhibition or

7    entertainment," § 301(7)(C); any "sales or rental establishment." § 301(7)(E); any

8    "service establishment," § 301(7)(F); and any "health spa... or other place of

9    exercise or recreation," § 301(7)(L).

10    34.    The ADA states that "No individual shall be discriminated against on

11    the basis of disability in the full and equal enjoyment of the goods, services,

12    facilities, privileges, advantages, or accommodations of any place of public

13    accommodation by any person who owns, leases, or leases to, or operates a place

14    of public accommodation." 42 USC § 12182.  The specific prohibitions against

15    discrimination include, but are not limited to, the following:

16    § 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory

17    to afford an individual or class of individuals, on the basis of a disability or

18    disabilities of such individual or class, directly, or through contractual, licensing,

19    or other arrangements, with the opportunity to participate in or benefit from a

20    good, service, facility, privilege, advantage, or accommodation that is not equal to

21    that afforded to other individuals."

22    § 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

23    practices, or procedures when such modifications are necessary to afford such

24    goods, services, facilities, privileges, advantages, or accommodations to

25    individuals with disabilities...;"

26    § 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure

27    that no individual with a disability is excluded, denied service, segregated, or

28    otherwise treated differently than other individuals because of the absence of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -13-          S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS CMP.wpd

1 auxiliary aids and services...;"

2 § 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication
3 barriers that are structural in nature, in existing facilities... where such removal is
4 readily achievable;"

5 § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier
6 under clause (iv) is not readily achievable, a failure to make such goods, services,
7 facilities, privileges, advantages, or accommodations available through alternative
8 methods if such methods are readily achievable."

9 The acts and omissions of defendants set forth herein were in
10 violation of plaintiff's rights under the ADA and the regulations promulgated
11 thereunder, 28 CFR Part 36 *et seq*.

12 35. The removal of each of the barriers complained of by plaintiff as
13 hereinabove alleged, were at all times herein mentioned "readily achievable"
14 under the standards of the ADA § 302. As noted hereinabove, removal of each
15 and every one of the architectural barriers complained of herein were also
16 required under California law. Further, construction, alterations, structural
17 repairs and/or additions since January 26, 1993 have also independently triggered
18 requirements for removal of barriers to access for disabled persons per § 303 of
19 the ADA.

20 36. On information and belief, as of the date of plaintiff's efforts to
21 lodge at, and recreate at the St. Regis Hotel, and as of the filing of this Complaint,
22 the premises have denied and continue to deny full and equal access to plaintiff
23 and to other disabled persons, including wheelchair users, in other respects,
24 which violate plaintiff's rights to full and equal access and which discriminate
25 against plaintiff on the basis of her disability, thus wrongfully denying to plaintiff
26 the full and equal enjoyment of the goods, services, facilities, privileges,
27 advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42
28 USC §§ 12182 and 12183.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -14-          S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1    37.    On information and belief, defendants have continued to violate the

2  law and deny the rights of plaintiff and other disabled persons access to this

3  public accommodation since on or before plaintiff's encounters. Pursuant to the

4  ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to the remedies and

5  procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-

6  3(a), as plaintiff is being subjected to discrimination on the basis of disability in

7  violation of the ADA or has reasonable grounds for believing that she is about to

8  be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of

9  § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter

10  facilities to make such facilities readily accessible to and usable by individuals

11  with disabilities to the extent required by this title."

12    38.    Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the

13  Civil Rights Act of 1964 (42 USC 2000(a)-3(a), and pursuant to Federal

14  Regulations adopted to implement the Americans with Disabilities Act of 1990.

15  Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who

16  is being subjected to discrimination on the basis of disability in violation of Title

17  III and who has reasonable grounds for believing she will be subjected to such

18  discrimination each time that she may attempt to use the property and premises.

19    WHEREFORE, plaintiff prays for damages and injunctive relief as

20  hereinafter stated.

21

22                   **PRAYER**

23    Plaintiff prays that this Court:

24    1.    Issue a preliminary and permanent injunction directing defendants as

25  current owners, operators, lessors, and/or lessees of the subject property and

26  premises to modify the above described property and premises and related

27  facilities to provides full and equal access to all persons, including persons with

28  physical disabilities; and issue a preliminary and permanent injunction pursuant

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS.CMP.wpd

1  to ADA § 308(a) and state law directing defendants to provide facilities usable by
2  plaintiff and similarly situated persons with disabilities, and which provide full
3  and equal access, as required by law;

4      2.    Retain jurisdiction over the defendants until such time as the Court is
5  satisfied that defendants' unlawful policies, practices, acts and omissions, and
6  maintenance of inaccessible public facilities as complained of herein no longer
7  occur, and can not recur;

8      3.    Award to plaintiff all appropriate damages, including but not limited
9  to statutory damages, and general damages in an amount within the jurisdiction of
10 the Court, all according to proof;

11     4.    Award to plaintiff all reasonable statutory attorney fees, litigation
12 expenses, and costs of this proceeding as provided by law;

13     5.    Award prejudgment interest pursuant to Civil Code § 3291; and

14     6.    Grant such other and further relief as this Court may deem just and
15 proper.

16

17 Dated: December 30, 2010        LAW OFFICES OF PAUL L. REIN

18

19

20                               By PAUL L. REIN
                              Attorneys for Plaintiff
                              JEAN RIKER

21

22                               **DEMAND FOR JURY**

23     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

24

25 Dated: December 30, 2010        LAW OFFICES OF PAUL L. REIN

26

27

28                               By PAUL L. REIN
                              Attorneys for Plaintiff
                              JEAN RIKER

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\CASES\S\ST REGIS\PLEADINGS\ST REGIS CMP.wpd