SEYFARTH SHAW LLP
Kristina M. Launey (SBN 221335)
klauney@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

SEYFARTH SHAW LLP
Minh N. Vu (Washington, D.C. Bar No. 444305) *Pro Hac Vice application pending*
mvu@seyfarth.com
975 F. Street, N.W.
Washington, D.C. 20004
Telephone: (202) 828-5337
Facsimile: (202) 641-9279

Attorneys for Defendants
STARWOOD HOTELS & RESORTS WORLDWIDE,
INC., dba ST. REGIS HOTEL SAN FRANCISCO and
SF MUSEUM TOWER LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RIKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC. dba ST. REGIS HOTEL SAN FRANCISCO; SF MUSEUM TOWER LLC; and DOES 1-10 inclusive<br><br>　　　　Defendants. | Case No. 3:10 CV 05978 (EDL)<br><br>**DEFENDANTS STARWOOD HOTELS AND RESORTS WORLDWIDE, INC. DBA ST. REGIS HOTEL SAN FRANCISCO AND SF MUSEUM TOWER LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: December 30, 2010<br>Judge: Hon. Elizabeth D. Laporte |

Defendants STARWOOD HOTELS & RESORTS WORLDWIDE, INC. dba ST. REGIS HOTEL SAN FRANCISCO ("St. Regis") and SF MUSEUM TOWER LLC ("SF Museum") (collectively "Defendants") hereby answer Plaintiff Jean Riker's ("Plaintiff") Complaint as follows:

**INTRODUCTION**

1. The first sentence of paragraph 1 is Plaintiff's description of the lawsuit which requires no response. To the extent a response is required, Defendants deny the allegations of the first sentence of paragraph 1. Defendants lack sufficient information and belief to respond to

the allegations in the second and third sentences of paragraph 1 and therefore deny them. Defendants deny the allegations of the fourth sentence of paragraph 1. The fifth, sixth, and seventh sentences of paragraph 1 set forth Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendants deny the allegations of the fifth, sixth, and seventh sentences of paragraph 1.

## JURISDICTION

2.　　Defendants admit that Plaintiff has alleged federal and state law claims. Defendants reserve their rights to challenge the Court's subject matter jurisdiction throughout this litigation.

## VENUE

3.　　Defendants admit that the United States District Court for the Northern District of California is the proper venue.

## INTRADISTRICT

4.　　Defendants admit that this matter is properly assigned to the San Francisco intradistrict.

## PARTIES

5.　　Defendants admit that Defendant SF Museum Tower, LLC owns and Defendant Starwood Hotels & Resorts Worldwide, Inc. operates the St. Regis Hotel San Francisco located at 125 Third Street, San Francisco, California (the "Hotel") and that the Hotel was constructed after January 26, 1993. Defendants further admit that the Hotel is a public accommodation and business establishment. Defendants lack sufficient information and belief to admit or deny the allegations contained in the first sentence of paragraph 5 and therefore deny it. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 5.

6.　　Defendants deny the allegations of Paragraph 6.

7.　　Defendants admit that they own and/or manage the Hotel. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 7.

## FIRST CAUSE OF ACTION

**Damages and Injunctive Relief For Denial of Full and Equal Access to Public Facilities In A Public Accommodation**

**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**

8. Defendants incorporate by reference their answers to paragraphs 1 through 7 as if fully set forth herein.

9. Defendants lack sufficient information and belief to respond to the allegations in paragraph 9 and therefore deny them.

10. The first four sentences of paragraph 4 are purported recitations of the law that require no response. To the extent a response is required, Defendants deny the allegations in the first four sentences of paragraph 4. In response to the fifth sentence of paragraph 10, Defendants admit that the Hotel was constructed in after January 26, 1993. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 10.

## FACTUAL STATEMENT

11. Defendants admit that Plaintiff stayed at the Hotel from July 29 through July 31, 2009 in an accessible room with a roll-in shower. Defendants lack information and belief to either admit or deny the remaining allegations and therefore deny them.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

## INJUNCTIVE RELIEF

19. Paragraph 19 describes Plaintiff's requested relief to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 19.

20. Paragraph 20 describes Plaintiff's requested relief to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 20.

**DAMAGES**

21. Defendants deny the allegations of paragraph 21.

**FEES AND COSTS**

22. Defendants deny the allegations of paragraph 22.

**SECOND CAUSE OF ACTION**

**Violation of California Law Including The Unruh Act, Civil Code Sections 51 and 52, and The American With Disabilities Act as Incorporated By Civil Code Section 51(f)**

23. Defendants incorporate by reference their answers to paragraphs 1 through 22 as if fully set forth herein.

24. Paragraph 24 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 24.

25. Paragraph 25 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 25.

26. Paragraph 26 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 26.

27. Paragraph 27 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of paragraph 28.

**FEES AND COSTS**

29. Defendants deny the allegations of paragraph 29.

## THIRD CAUSE OF ACTION

**Violation of the Americans With Disabilities Act of 1990 42 USC § 12101 *et seq.***

30. Defendants incorporate by reference their answers to paragraphs 1 through 29 as if fully set forth herein.

31. Paragraph 31 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 31.

32. Paragraph 32 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 32.

33. Paragraph 33 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 33.

34. Paragraph 34 contains purported recitations of the law which do not require a response. To the extent that a response is required, Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants respond that this paragraph describes Plaintiff's requested relief and no answer is required. To the extent that an answer is required, Defendants deny the allegations of paragraph 38.

## DEFENDANTS' AFFIRMATIVE AND/OR OTHER DEFENSES

By pleading the following as Affirmative and/or other Defenses, Defendants do not concede that each of the matters covered by the numbered defenses is to be proven by Defendants, and Defendants reserve the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the alleged

damages.  Without prejudice to its denials and other statements of its pleadings, Defendants allege the following defenses:

**FIRST DEFENSE**

39.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

40.     Plaintiff lacks standing to seek relief under the ADA and/or California law for herself and other disabled persons.

**THIRD DEFENSE**

41.     Plaintiff lacks standing to seek relief for alleged barriers that impact disabilities that she does not have (e.g., sight or hearing disabilities).

**FOURTH DEFENSE**

42.     Plaintiff is not entitled to damages to the extent that she failed to mitigate her alleged damages.

**FIFTH DEFENSE**

43.     Plaintiff's claims are barred by the applicable statutes of limitations.

**SIXTH DEFENSE**

44.     Any and all alterations, as defined in Title III of the ADA, after January 26, 1992, were made so that to the maximum extent feasible, the altered portion of the facilities, if any, are readily accessible to and useable by individuals with disabilities.

**SEVENTH DEFENSE**

45.     To the extent that any barriers exist at the Hotel, their removal is not readily achievable.

**EIGHTH DEFENSE**

46.     The facilities in question provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities and services.

**NINTH DEFENSE**

47.     Defendants did not intentionally impede or impair access or service to Plaintiff.

**TENTH DEFENSE**

48. To the extent that any alterations were made triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the cost of meeting those requirements are disproportionate to the cost of the alterations.

**ELEVENTH DEFENSE**

49. Assuming, arguendo, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed relevant in this case, any deviations from those guidelines are de minimis and within construction and/or manufacturing tolerances.

**TWELFTH DEFENSE**

50. Plaintiff's claims as set forth in the Complaint fail as a matter of law because, to the extent that Plaintiff was not provided with full and equal accommodations, advantages, facilities, privileges or services of the hotel, it was because Plaintiff failed to give Defendants sufficient notice of the need and sufficient opportunity to do so.

**THIRTEENTH DEFENSE**

51. According to California Civil Code section 54.3, Defendants may not be held liable for damages suffered by Plaintiff, if any, pursuant to both the Unruh Act and the Disabled Persons Act.

**FOURTEENTH DEFENSE**

52. To the extent they had any duty to do so at any relevant time, Defendants made every good faith effort to evaluate and configure the readily achievable modifications to the property to permit access to individuals qualified under the ADA and other laws which protect persons with disabilities.

**FIFTEENTH DEFENSE**

53. To the extent any violation of the Americans with Disabilities Act or any other statute occurred, it was the responsibility of a third party and not Defendants.

///

///

///

**SIXTEENTH DEFENSE**

54. Defendants' conduct was privileged and justified in that the plans, specifications and/or improvements for the property were approved by the government officials authorized to do so and to enforce compliance with the ADA and all other applicable statutes and regulations.

**SEVENTEENTH DEFENSE**

55. Plaintiff's claims fail because for Defendants to make the alterations to the property sought by Plaintiff would pose a direct threat to health and safety to others, including Plaintiff.

**EIGHTEENTH DEFENSE**

56. Plaintiff's claims are barred because accommodating Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, benefits and/or accommodations offered to the public and/or result in an undue burden.

**NINETEENTH DEFENSE**

57. Plaintiff's claims are barred to the extent that federal, state and/or local laws, including zoning and landmark ordinances, prohibit the particular physical modifications sought by Plaintiff.

**TWENTIETH DEFENSE**

58. Plaintiff's claims are barred in whole or in part because Plaintiff was not a bona fide patron of the facility in question, but visited the facility for the purpose of instituting the instant litigation.

**TWENTY-FIRST DEFENSE**

59. Many, if not all, of the conditions alleged to violate the ADA no longer exist and Plaintiff's claims for relief are therefore moot.

**TWENTY-SECOND DEFENSE**

60. Plaintiff is not entitled to recover attorneys' fees for moot claims under Buckhannon Bd. & Care Home v. West Virginia Dept. Of Health And Human Resources, 532 U.S. 598 (2001).

### TWENTY-THIRD DEFENSE

61. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### TWENTY-FOURTH DEFENSE

62. Plaintiff's claims are barred to the extent she had unclean hands.

### TWENTY-FIFTH DEFENSE

63. Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-SIXTH DEFENSE

64. Plaintiff's claims are barred to the extent she has failed to satisfy the jurisdictional and/or statutory prerequisites for her causes of action, and/or exhaust the appropriate administrative remedies.

### ADDITIONAL RESPONSE

65. Defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

66. To the extent that Defendants have not expressly admitted an allegation of the Complaint or denied an allegation of the Complaint based on a lack of information and belief, Defendants deny all further and remaining allegations of the Complaint and no response contained herein is intended to constitute a waiver of such denial.

67. Defendants deny that Plaintiff has been injured in any way by their conduct and further deny that Plaintiff is entitled to any of the relief alleged in her prayer on page 18 of the Complaint or elsewhere in the Complaint.

**WHEREFORE**, Defendants pray as follows:

1. That Plaintiff's Complaint be dismissed;

2. That Plaintiff take nothing by reason thereof;

3. That judgment be entered in favor of Defendants;

4. That Defendants be awarded their attorneys' fees and costs of suit; and,

1    5.   For such other and further relief as the Court deems just and proper.

2  DATED: February 18, 2011                    SEYFARTH SHAW LLP

3

4                                              By  /s/ Kristina M. Launey
                                                   Kristina M. Launey
5                                                  Minh N. Vu (*pro hac vice*
                                                   *application pending*)
6                                              Attorneys for Defendants
                                                STARWOOD HOTELS AND RESORTS
7                                               WORLDWIDE, INC. and
                                                SF MUSEUM TOWER LLC